ELLEN MANNING, RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT.

Submitted March 18, 1910—Decided June 13, 1910.

In an action on a policy of life insurance which provided that the policy should become void if the insured had had before its date any pulmonary disease, the defendant relied upon evidence of the attending physician, who testified to the existence of the disease prior to the date of the policy, and that he had then told the deceased's wife of the fact; the wife testified that he told her after the date of the policy; it appeared that the physician had made a different statement in the proofs of death, and that he now relied for the date upon a statement from the state laboratory as to the examination of sputum. *Held,* that it was a question for the jury whether the insured had had pulmonary disease at the date of the policy.

On appeal from the Orange District Court.

Before Justices GARRISON, SWAYZE and PARKER.

For the respondent, *Smith & Dugan.*

For the appellant, *McCarter & English.*

The opinion of the court was delivered by

SWAYZE, J. This is an action on an insurance policy. The policy, instead of following the form used in cases which have heretofore been before the courts, omits the warranty usually contained in applications, and provides that the policy itself contains the entire agreement. The defence relied upon is that one of the provisions is that the policy shall become void if the insured before its date has been attended by a physician for any serious disease or complaint, or has had, before said date, any pulmonary disease or chronic bronchitis. It is properly conceded in the appellant's brief that the question whether the assured had any serious disease or complaint or had had chronic bronchitis was, under the evidence, a question for the jury, and at the argument the sole reliance of the appellant was upon the allegation that the assured had a pulmonary disease before the date of the policy.

It is manifest that under such a provision it was for the defendant to prove the existence of the pulmonary disease, and they undertook to do it by the evidence of Doctor Brien. He testified that he told the assured's wife in the latter part of 1907 of the existence of the disease. She testified that he told her in August, 1908. The policy is dated June 29th, 1908. This conflict of evidence of itself presented a jury question as to whether Doctor Brien's recollection of the date was correct. In making the affidavit, to form part of the proofs of death submitted by the plaintiff to the defendant, he stated the date of the death as March 24th, 1909, the cause as phthisis, and that he had attended deceased for about one year, which he fixed as from about March, 1908. When called as a witness he explained that he had forgotten the date and

got the correct date by writing to the state laboratory at Trenton, and that according to their report he must have sent a specimen of the assured's sputum to that laboratory the latter part of October, 1907. This recital of the evidence makes it clear that his testimony as to the date was based upon the statement made to him by his correspondent at the state laboratory; such evidence was pure hearsay. It seems, further, that his diagnosis of the case as phthisis was based, not upon his own personal observation, but upon the report made by the state laboratory of the results of an examination of the sputum. In order to make this evidence competent it should have been proved that the sputum which formed the subject of the report was the identical specimen which had been sent by the doctor to the state laboratory for examination, and of this there is absolutely no evidence. We think, therefore, there was a total failure on the part of the defendant to show that the assured had pulmonary disease prior to the date of the policy, and the judge might well have directed a verdict for the plaintiff.

Under such circumstances the appellant was not harmed by the more favorable course adopted by the judge of submitting the case to the jury. The judgment of the District Court should be affirmed, and judgment entered in this court in favor of the plaintiff, with costs.